IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF CALIFORNIA,** | Case No. |
| Plaintiff, | **[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |
| v. | |
| **U.S. DEPARTMENT OF EDUCATION; LINDA MCMAHON, in her official capacity as Secretary of the U.S. Department of Education; FRANK E. MILLER, JR., in his official capacity as Director of the Student Privacy Protection Office of the U.S. Department of Education; and UNITED STATES OF AMERICA,** | |
| Defendants. | |

1

**[PROPOSED] ORDER**

Plaintiff's application for a temporary restraining order ("TRO") and order to show cause came before this Court for consideration on February 11, 2026. Upon consideration, and for good cause shown, **IT IS HEREBY ORDERED** that the TRO is **GRANTED**.

**TEMPORARY RESTRAINING ORDER**

The Court finds that Plaintiff has demonstrated a likelihood of success on the merits of its claims, a likelihood of irreparable harm in the absence of temporary relief, that the balance of equities tips in their favor, and that a temporary restraining order is in the public interest. In support of this Order, the Court makes the following findings:

1.     On March 27, 2025, Defendants initiated an investigation as to whether Plaintiff is in violation of the Family Educational Rights and Privacy Act (FERPA), specifically as it pertains to provision of education records of transgender students or based on gender identity, and informed Plaintiff of the investigation.

2.     On March 28, 2025, Defendants sent a letter signed by Defendant Linda McMahon, and an attachment signed by Defendant Frank Miller, requesting all states, including Plaintiff, to provide documentation that their local educational agencies (LEAs) are in compliance with FERPA, specifically focusing on provision of gender identity-related education records to parents. This communication expressly stated that "FERPA does not provide an affirmative obligation for schools to inform parents about any information, even if that information is contained in a student's education records."

3.     Over the next several months, Plaintiff repeatedly communicated the requirements of FERPA to California LEAs, informed Defendants of those communications, and repeatedly answered Defendants' inquiries. *See* Exhibits C–I.

4.     On January 28, 2026, Defendants issued a letter of findings (Findings Letter) informing Plaintiff that Defendants found Plaintiff in violation of FERPA.

5.     The Findings Letter does not contain evidence that any California LEA has failed to disclose gender support plans or gender identity-related education records as required by FERPA in response to a parent's request for review or inspection.

2

6.    The Findings Letter does not contain evidence that Plaintiff has directed, coerced, or required any California LEA to withhold gender support plan or gender-related education records in violation of FERPA.

7.    The Findings Letter fails to provide evidence to establish that Plaintiff is not in substantial compliance with FERPA.

8.    Additionally, the fourth "corrective action" demanded in the Findings Letter goes beyond the requirements of FERPA, requiring CDE to make an assurance to Defendants regarding "pro-parental notification" that is nowhere found or required in FERPA's plain text or regulations, and is therefore beyond Defendants' lawful authority, *see generally* 20 U.S.C. § 1232g, and the sixth "corrective action," which requires ongoing direction and review by Defendants of education training provided to California teachers and certificated personnel, violates federal law prohibiting the federal government from "exercis[ing] any direction, supervision, or control over the curriculum, program of instruction, administration, or personnel of any educational institution, school, or school system," *see id.* § 1232a.

9.    Plaintiff is likely to prevail on its claim that Defendants have failed to show that Plaintiff is not in substantial compliance with FERPA.

10.    Plaintiff is likely to prevail on its claim that the corrective actions demanded in the Findings Letter exceed Defendants' lawful authority.

11.    Plaintiff is likely to prevail on its claim that the Findings Letter attempts to impose new conditions on federal funding of which Plaintiff did not have clear notice, in violation of the Spending Clause of the U.S. Constitution.

12.    Plaintiff is likely to prevail on its claim that the Findings Letter is contrary to law, unconstitutional, and in excess of the statutory authority of Defendants U.S. Department of Education, McMahon, and Miller.

13.    Plaintiff is likely to suffer irreparable harm in the absence of temporary relief. The threat of withdrawal of approximately $4.8 billion in federal education funding would have a devastating impact on children, teachers, and school staff throughout California. Withdrawal of funding would thus injure both Plaintiff's economic interests and its quasi-sovereign interests.

3

And Plaintiff's sovereign interests would be impaired by the corrective actions demanded in the Findings Letter, which seek to impose requirements not contained in FERPA and to exercise unlawful control over California LEAs.

14.    The balance of equities and the public interest favor injunctive relief, given the magnitude of the harm that would follow from a disruption in education funding and the fact that the Findings Letter fails to establish that Plaintiff is not in substantial compliance with FERPA. (Indeed, the Findings Letter fails to show even one instance in which a California LEA did not comply with FERPA.)

Accordingly, it is hereby:

**ORDERED** that Defendants are temporarily enjoined under 5 U.S.C. § 705 from undertaking any enforcement of the Findings Letter, including but not limited to the FERPA enforcement actions listed in 34 C.F.R. § 99.67(a); and

**ORDERED** that Defendants are temporarily enjoined under 5 U.S.C. § 705 from requiring Plaintiff to take any of the "corrective actions" demanded in the Findings Letter.

Because Defendants have not shown that they are likely to suffer harm as a result of this temporary restraining order, and because this case implicates Plaintiff's sovereignty and the public interest, the Court finds that only a nominal bond is necessary and orders Plaintiff to post $100 within seven (7) days of this order. *See Taylor-Failor v. Cnty of Haw.*, 90 F. Supp. 3d 1095, 1102-03 (D. Haw. 2015) (citing *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005)).

**ORDER TO SHOW CAUSE**

Defendants are ordered to show cause before this Court why a preliminary injunction should not issue enjoining the enforcement of the Findings Letter (including but not limited to the FERPA enforcement actions listed in 34 C.F.R. § 99.67(a)). The hearing on the order to show cause will be held on February 24, 2026, at 9:00 a.m. Plaintiff's moving papers shall be filed no later than _____. Defendants' opposition papers shall be filed and served on or before _____. Plaintiff may file a reply no later than _____.

**IT IS SO ORDERED.**

Dated: _____          _____

[Proposed] Temporary Restraining Order and Order to Show Cause