UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF EDUCATION, et al.,<br><br>　　　　Defendants. | Case No. 26-cv-01259-WHO<br><br>**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: ECF No. 4 |

　　Plaintiff State of California ("Plaintiff" or "California") seeks a temporary restraining order ("TRO") to enjoin Defendants the United States Department of Education ("DOE"), U.S. Secretary of Education Linda McMahon, Director of the Student Privacy Policy Office of the DOE Frank Miller, and the United States of America (together, the "Federal Government") from withholding any portion of the approximately $4.9 billion Defendants annually provide to the California Department of Education ("CDE"). Motion for TRO ("Mot."), ECF No. 4 at 1. California emphasizes that it relies on these funds "to ensure that all children have fair and equal access to education" and to provide "low-income children, children of migrant farmworkers, children with disabilities, English language learners, and homeless children" with educational support. Mot. at 1–2.

　　In March 2025, the Federal Government began investigating Plaintiff's compliance with the Federal Educational Rights and Privacy Act ("FERPA"). *See* ECF No. 4-2 at 30. In a letter dated January 28, 2026, the Federal Government informed Plaintiff that it had concluded that "certain CDE policies and practices . . . have led to [] FERPA noncompliance." *Id.* at 68. In order to "resolve th[e] investigation," the Federal Government required Plaintiff to take six particular corrective actions outlined in the letter. *Id.* at 85. The Federal Government asked Plaintiff to

"respond in writing by close of business February 11, 2026." *Id.* at 87. Plaintiff responded by letter on February 11, 2026, and informed the Federal Government that it had complied with the first two corrective actions. *See id.* at 93. Plaintiff made no such representations about the remaining four corrective actions, explaining that it was "not aware of any legal authority that require[ed] it to take any of those requested actions," and stating that taking such actions could violate other federal laws. *Id.* at 100. Plaintiff did, however, state that it was in compliance with FERPA, and would "continue to support FERPA compliance[.]" *Id.* at 101.

Plaintiff filed this action and the pending TRO motion shortly after sending the Federal Government its response letter on February 11, 2026. In its motion, Plaintiff asks the Court to enjoin the Federal Government from withholding any of the $4.9 billion it receives in federal education funding. Though Plaintiff claims that the Federal Government "threaten[s] in the Findings Letter that they will withhold the $4.9 billion" if Plaintiff fails to fully comply, the Court has not found clear evidence that the Federal Government intends to immediately withhold funds in the way California wishes to preclude. Nonetheless, given the number of California public school students potentially affected, the fact that the Federal Government has been equivocal regarding whether and when it may take action, and the opportunity for significant harm to the entire California education system, this dispute requires temporary judicial intervention until the matter can be fully briefed, and heard.

Accordingly, the Court orders the parties to meet and confer on the narrow issue of whether and when, if at all, the Federal Government intends to act on the issues the Federal Government has raised over California's compliance with FERPA, including in its January 28, 2026, letter. The Court understands that the Federal Government intends to "work[] with [California] to resolve this issue as expeditiously as possible." *Id.* at 33. In the interim, the Court issues a limited TRO that enjoins the Federal Government from withholding these funds until the Court has an opportunity to weigh in, or the parties stipulate that no such action is forthcoming.

Accordingly, it is **ORDERED** that:

1. The parties shall meet and confer on the narrow issue of whether and when, if at all, the Federal Government intends to withhold California's access to the $4.9 billion at issue;

2. The parties shall submit a stipulation to the Court with the outcome of their conference by Tuesday, February 17, 2026;

3. Should the parties reach an agreement that requires the Court to hold a hearing on the substantive issues raised in California's TRO, they are instructed to propose a further briefing schedule on the motion with a hearing set for the merits on **Friday, February 27, 2026, at 10:00 a.m.** with Judge William Orrick;

4. Should the parties fail to reach an agreement on the issue, the Court (Wise, J.) will hold a hearing on **Wednesday, February 18, 2026, at 11:00 a.m.** via Zoom;

5. The TRO is granted. The Federal Government shall not withhold any of the funds at issue until the merits of the motion are fully resolved.

**IT IS SO ORDERED.**

Dated: February 11, 2026

_____
Noël Wise
United States District Judge
General Duty Judge